Opinion filed September 13, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00072-CR 

                                                    __________

 

                                         PEDRO
VELEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 22769A

 



 

                                                                   O
P I N I O N

The jury
convicted Pedro Velez of sexual assault, found the enhancement allegation to be
true, and assessed punishment at confinement for sixty years and a $10,000
fine.  We affirm.

There is
no challenge to the sufficiency of the evidence.  Appellant was indicted for aggravated sexual
assault.  The jury convicted him of the
lesser included offense of sexual assault. The victim testified that she was
born with cerebral palsy and that she had been in a wheelchair all of her
life.  She was not able to use her legs,
and most of her life her hands had been Acurl[ed] all the way up.@  She
was able to use one hand.  She had a rod
in her back that further limited her mobility.








The
victim testified that appellant told her that he was getting a divorce, that he
was lonely, and that he wanted someone. 
He repeatedly asked her to Asuck [his] dick.@  The
victim told him no several times. 
Appellant unzipped his pants and put his erect penis in her mouth.  The victim tried to push away from appellant
but was unable to due to her disabilities. 
Appellant held his penis with one hand, put his other hand behind her
neck, and moved his penis in and out of her mouth.  She was too afraid of him to bite him.  After appellant ejaculated in her mouth, he
told her to swallow. Appellant cleaned her up and told her that, if she told
anybody, he would call her a liar.

At the
punishment phase of the trial, Margaret A. Velez testified that she was
appellant=s ex-wife and that appellant had been
convicted of assaulting a six-year-old girl in Alabama. 
As a result of that conviction, appellant had been ordered to attend and
complete a sex offender program.  Margaret
also testified that appellant had forced her to have sexual intercourse without
her consent. The order of the Alabama circuit
court giving appellant credit for time served on his sentence for the assault
on the six-year-old girl and transferring him to Texas to complete the terms and conditions
of his supervised probation was admitted into evidence as State=s Exhibit No. 1.  In the order, the circuit court stated that
appellant must attend a sex offender treatment program and must reside in any
of the other forty-nine states other than Alabama.

The
charge to the jury at the punishment phase contained the following instruction:

It is
also possible that the length of time for which the defendant will be
imprisoned might be reduced by the award of parole.

 

Under
the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served plus any good conduct time earned equals one-half of the sentence
imposed.  Eligibility for parole does not
guarantee that parole will be granted.

 

It
cannot accurately be predicated how the parole law and good conduct time might
be applied to this defendant if he is sentenced to a term of imprisonment,
because the application of these laws will depend on decisions made by prison
and parole authorities.

 

You may
consider the existence of the parole law and good conduct time.  However, you are not to consider the extent
to which good conduct time may be awarded to or forfeited by this particular
defendant. You are not to consider the manner in which the parole law may be
applied to this particular defendant.

 

The only objection to
the charge was directed toward the verdict form concerning the allegation of
the prior Alabama
assault.








In his
sole issue on appeal, appellant contends that the charge incorrectly stated the
law concerning parole and that this error was so egregious that the case should
be remanded for a new hearing as to punishment. 
We disagree.

The
State concedes that the language in the charge concerning when appellant might
become eligible for parole did not correctly track Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon 2006).[1]   The State contends that the error was not so
egregious as to result in reversible error under Almanza v. State, 686
S.W.2d 157 (Tex. Crim. App. 1985).  We
agree. 

To
determine if unobjected-to error in the jury charge is so egregious as to
result in reversible error, the appellate court must consider the jury
instructions as a whole, the state of the evidence, the arguments of counsel,
and any other relevant information revealed by the record as a whole.  Olivas v. State, 202 S.W.3d 137, 146 (Tex. Crim. App. 2006); Almanza,
686 S.W.2d at 171.  Nothing in the record
before this court supports appellant=s claims of egregious harm.

The jury
was correctly instructed under Article 37.07, section 4(a) that it could
consider the existence of parole law but could not consider Athe manner in which the parole law may be
applied to@ appellant. 
The jury is presumed to have followed this instruction in the
charge.  Luquis v. State, 72
S.W.3d 355, 366 (Tex.
Crim. App. 2002).  The evidence presented
supported the jury=s assessment of punishment, and the record
reflects that parole law was not a factor in the trial at any stage. The jury
did not send out any notes during its deliberations, and the cases cited by
appellant are distinguishable.  The sole
issue is overruled.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

CHIEF
JUSTICE

September 13, 2007

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Article 37.07, section 4(a) provides:  AUnder the
law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served equals one-half of the sentence imposed or 30 years, whichever is less,
without consideration of any good conduct time he may earn.@